IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| WFM PRIVATE LABEL, L.P., | |
| Cross-Claimant, | Case No.   A-14-CA-01013-SS |
| v. | |
| 1048547 ONTARIO, INC. D/B/A SKOTIDAKIS GOAT FARM, | |
| Cross-Defendant. | |
| And Related Counter-Action. | |

**WFM PRIVATE LABEL L.P.'S PARTIAL MOTION TO DISMISS**

## I.      INTRODUCTION.

1048547 Ontario, Inc. d/b/a Skotidakis Goat Farm's ("Skotidakis") Counterclaim for Declaratory Judgment (the "Counterclaim") against WFM Private Label, L.P. ("WFMPL") is improper and should be dismissed for two independent reasons.  First, Skotidakis does not seek a declaratory judgment to obtain early adjudication of a dispute or to help the parties avoid damages, as is required.  Instead, Skotidakis asks the Court to declare that Skotidakis is entitled to recover damages arising from purported breaches of contract alleged to have occurred years ago.  Second, Skotidakis' claim for declaratory relief improperly seeks adjudication of issues that will necessarily be decided in the adjudication of the parties' other claims.  Accordingly, Skotidakis fails to state a claim for declaratory relief.

For these reasons, WFMPL respectfully requests that the Court dismiss Skotidakis' Counterclaim for Declaratory Judgment, without leave to amend

## II.     PROCEDURAL HISTORY.

On February 3, 2017, WFMPL filed a Cross-Complaint against Skotidakis.  Dkt. 29.  In the Cross-Complaint, WFMPL asserted three claims for relief:  (1) breach of the Private Label Vendor Agreement dated effective April 1, 2012 (the "Contract") for Skotidakis' failure to defend and indemnify WFMPL from underlying lawsuits challenging the sugar content disclosure on Yogurt's labels; (2) breach of the Contract for Skotidakis' failure to pay WFMPL's reasonable expenses incurred as a result of the voluntary withdrawal of the Yogurt; and (3) breach of the Contract for Skotidakis' breach of other Contract  provisions.  *Id.*

On March 15, 2017, Skotidakis filed an Answer to WFMPL's Cross-Complaint.  Dkt. 33. In its Answer, Skotidakis denied that WFMPL is entitled to the relief WFMPL requested and asserted several affirmative defenses.  Dkt. 33, p. 9.  Specifically, Skotidakis alleged that its performance under the Contract was excused as a result of an alleged prior material breach by WFMPL.  *Id.*  Skotidakis further alleged that it was entitled to an offset of the damages claimed by WFMPL as a result of WFMPL's alleged breach of the Contract.  Last, Skotidakis alleged that WFMPL failed to mitigate its damages arising from Skotidakis' breaches of the Contract.  *Id.*

Skotidakis also asserted two purported counterclaims for relief:  (1) breach of the Contract for alleged failure to pay certain discontinued product reimbursements following the discontinuation of the Yogurt; and (2) a request for a declaratory judgment based on an alleged "immediate justiciable controversy…between the parties concerning their respective obligations under the [Contract]…and, specifically, WFMPL's obligation to indemnify or release Skotidakis under the terms of [the Contract]….".  Dkt. 33, p. 13.

Concurrently with this Motion, WFMPL is filing a First Amended Cross-Complaint (the "FACC").  The FACC retains the three breach of contract claims.  WMPL also asserts three additional claims for relief against Skotidakis for fraud, including at a minimum:  (1) fraud by omission for failure to disclose a third-party test result indicating the sugar content of the Yogurt was higher than the sugar content disclosed on the Yogurt's label and in other documents previously provided by Skotidakis; (2) fraud by affirmative misrepresentation for stating it would defend and indemnify WFMPL from the underlying lawsuits despite having no intention to do so; and (3) fraudulent inducement for representing that the sugar content disclosure on the label of the Yogurt was correct and supported by independent third-party lab results as part of the product evaluation an development process.  *See* First Amended Cross-Complaint.

## I.     APPLICABLE LAW.

Skotidakis' Counterclaim does not specify the statute under which it is brought. However, the Counterclaim is properly treated as a claim under the federal Declaratory Judgment Act.  *See, e.g., Vera v. Bank of Am., N.A., 569 Fed. Appx. 349, 352* (5th Cir. 2014) (per curium) (stating the Texas Declaratory Judgment Act is a procedural, and not a substantive, provision and therefore does not apply to actions in federal court); *Ortiz v. Citimortgage, Inc.*, 954 F. Supp. 2d 581, 589 (S.D. Tex. 2013) (stating that because declaratory relief is a procedural vehicle a claim for declaratory relief in federal court is treated as one brought under the federal Declaratory Judgment Act); *see also Redwood Resort Props., L.L.C. v. Holmes Co.,* 2007 WL 1266060, at *4 (N.D.Tex. Apr. 30, 2007) (stating that a federal judgment action filed in state court is converted into one brought under the federal Declaratory Judgment Act upon removal to federal court).

Even if the Court determines that Texas law applies to the Counterclaim, however, the result—dismissal— should be the same as Texas law relevant to this motion is substantially in accord with federal law. *See Albritton Properties v. Am. Empire Surplus Lines*, 2005 WL 975423, at \*3 (N.D. Tex. Apr. 25, 2005).  In *Albritton*, without discussion of the appropriate law to apply, the district court referred to the Texas Declaratory Judgment Act and Texas case law in analyzing a claim for declaratory relief in federal court.  *Id.*  Citing Texas case law, the court dismissed a counterclaim for declaratory relief on the ground that it requested adjudication of issues already before the court in other claims.  *Id.*  As discussed further below, this is one basis upon which federal courts routinely dismiss claims for declaratory relief under the federal Declaratory Judgment Act and upon which this Motion is, in part, brought.  Similarly, Texas courts interpreting the Texas Declaratory Judgment Act interpret it to be intended to be preventative in nature, and **not** a method to remedy past wrongs.  *See, e.g., Etan Indus., Inc. v. Lehmann*, 359 S.W.3d 620, 624 (Tex. 2011) (per curiam) (holding that the Texas Declaratory Judgment Act is intended to provide means of determining parties' rights when controversy has arisen but before wrong has been committed and is "preventative in nature").  As discussed further below, this also is consistent with federal courts' interpretation of the federal Declaratory Judgment Act and another basis upon which this Motion is brought.

Accordingly, while case law interpreting the federal Declaratory Judgment Act should apply here, the result should be the same even if Texas law is applied, and the claim should be dismissed.

## II.   LEGAL STANDARD.

A complaint must consist of a short and plain statement showing the plaintiff is entitled to relief.  Fed. R. Civ. P 8(a).  A complaint must be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Ad. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Although the Court must accept factual allegations as true, this tenet is inapplicable to conclusory allegations, legal conclusions,

unreasonable inferences, or unwarranted deductions of fact contained in the pleading.  *Id.*; *see also Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-499 (5th Cir. 2000).  After stripping the "conclusory statements" in the complaint, the remaining factual allegations must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (quotations omitted).  Put another way, "the pleading must contain something more than a statement of facts that merely creates a suspicion of a legally cognizable right to relief." *Moore v. Bowie Cnty.*, 2012 WL 4355000, at *3 (E.D. Tex. Sept. 21, 2012) (citing *id.*).  For the reasons stated below, Skotidakis has not sufficiently plead a sustainable claim for relief for a declaratory judgment, and its Counterclaim for declaratory judgment should be dismissed with prejudice.

## III.   SKOTIDAKIS' SECOND COUNTERCLAIM FOR DECLARATORY JUDGMENT SHOULD BE DISMISSED.

Federal courts have broad discretion to grant or refuse declaratory judgment under the federal Declaratory Judgment Act.  *See Torch, Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991).  "Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995).  It gives federal courts the competence to declare rights, but it does not impose a duty to do so.  *See Public Affairs Assocs. v. Rickover*, 369 U.S. 111, 112, 82 S.Ct. 580, 7 L.Ed.2d 604 (1962) (per curiam).  A declaratory judgment action is merely a vehicle that allows a party to obtain "early adjudication of an actual controversy." *Collin Cnty., Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170 (5th Cir.1990).  Its purpose is to allow "parties [to] avoid damages that might otherwise accrue." *Id.* at 172 (citation omitted).

Court routinely decline to enter declaratory judgments when parties have sought to remedy past wrongs or to seek declarations that duplicate other claims.  *See Garcia v. Bank of N.Y. Mellon*, 2012 WL 692099, at *4 (N.D.Tex. Mar.5, 2012) (declining to grant declaratory relief because "[p]laintiffs are not attempting by their declaratory judgment action to help the parties avoid damages that might otherwise accrue[,] ... [t]hey are [instead] essentially seeking a

remedy for a past alleged wrong."); *Assistmed, Inc. v. Conceptual Health Solutions, Inc.*, 2006 WL 3691003, at *17–18 (N.D.Tex. Dec.14, 2006) (declining to grant declaratory relief on issues that would be decided in context of party's breach of contract claim).

Here, Skotidakis improperly seeks a declaratory judgment to remedy an alleged past wrong.  Specifically, Skotidakis seeks a judgment declaring that it is entitled to indemnity and/or release from WFMPL for any and all damages caused by or arising from WFMPL's breach of its obligations under the Vendor Agreement." Dkt. 33, ¶ 33.  In other words, Skotidakis asks the Court to declare that it is entitled to recover from WFMPL amounts it claims it is owed as damages for WFMPL's purported breach of contract as alleged in its affirmative defenses and in its other counterclaim.  *Id.*  Thus, Skotidakis does not seek "early adjudication of an actual controversy" or to "help the parties avoid damages that might otherwise accrue," as is required. *See Collin Cnty., Tex.* 915 F.2d 167 at 170.  To the contrary, Stodidakis simply repackages its affirmative defenses and breach of contract counterclaim, which are based on alleged wrongs Skotidakis contends occurred years ago.  Skotidakis' declaratory judgment claim is therefore improper and should be dismissed.

In addition, Skotidakis' declaratory judgment claim fails because it asks the Court to grant relief on issues that will be decided in the context of the parties' other claims.  Again, Skotidakis seeks a declaration that it is entitled to recover from WFMPL "any and all damages caused by or arising from WFMPL's breach of its obligations under the Vendor Agreement." Dkt. 33, ¶ 22.  This claim therefore duplicates its affirmative defenses and breach of contract counterclaim, which seeks to recover damages Skotidakis alleges were caused by "WFMPL's breach of the Vendor Agreeemnt."  Dkt. 33, ¶ 19.  Accordingly, Skotidakis' declaratory judgment claim should be dismissed on this additional ground as well.

## IV.    CONCLUSION.

Based on the foregoing, WFMPL requests that the Court dismiss Skotidakis' second Counterclaim for declaratory judgment.   The deficiencies outlined above are not the type that can be cured by amendment.  Accordingly, WFMPL requests the Court dismiss the Counterclaim

without leave to amend.  *See Jones v. Greninger,* 188 F.3d 322, 327 (5th Cir. 1999) (leave to
amend should be denied where a complaint alleges the party's best case).

DATED:  April 5, 2017                                    SEYFARTH SHAW LLP

                                               By: */s/ Joseph J. Orzano*
                                                  Jay W. Connolly (admitted *pro hac vice*)
                                                  jconnolly@seyfarth.com
                                                  Joseph J. Orzano (admitted *pro hac vice*)
jorzano@seyfarth.com
SEYFARTH SHAW LLP
560 Mission Street, 31st Floor
San Francisco, California  94105
Telephone:          (415) 397-2823
Facsimile: (415) 397-8549

John H. Hempfling II
Texas Bar No. 24029609
S.D. Tex. No.  28593
Whole Foods Market Central Office
550 Bowie Street
Austin, Texas 78703
Telephone: (512) 542-0213
Facsimile : (512) 482-7213
Email: john.hempfling@wholefoods.com

Attorneys for WFM Private Label, L.P.

7

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of April, 2017, a copy of this document was filed

through the ECF system and will be sent electronically to the registered participants as identified

on the Notice of Electronic Filing (NEF).

*/s/ Joseph J. Orzano*
Joseph J. Orzano

38446601v.3