IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| STEPHEN KUBIC, | ) |
|     *Plaintiff* | ) ) ) |
| v. | ) ) Case No. 1:14-CV-01013-SS |
| WHOLE FOODS MARKET, INC., | ) ) ) |
|     *Defendant* | ) ) |
| and | ) ) |
| WFM PRIVATE LABEL, LP, | ) ) |
|     *Cross-Claimant* | ) ) |
| v. | ) ) |
| 1048547 ONTARIO, INC. d/b/a SKOTIDAKIS GOAT FARM | ) ) ) |
|     *Cross-Defendant* | ) |

## CROSS-DEFENDANT'S FIRST AMENDED COUNTERCLAIM

COMES NOW, 1048547 Ontario, Inc. d/b/a Skotidakis Goat Farm ("Skotidakis" or "SFG"), by and through the undersigned counsel of record, and files this First Amended Counterclaim against WFM Private Label L.P. ("WFMPL") and respectfully alleges the following:

## PARTIES

1. Skotidakis is a Canadian corporation with its principal place of business in Ontario, Canada.

2. WFMPL is a Delaware limited partnership with its principal place of business in Austin, Texas.

1

010-8456-7105/1/AMERICAS

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1332(a)(2), in that the amount in controversy exceeds $75,000, and the claims asserted are between a citizen of one or more U.S. states and a citizen of a foreign state.

4. Venue is proper in this court pursuant to 28 U.S.C. § 1391, because the events or omission giving rise to this Original Counterclaim occurred in this District. Venue is also proper in this Court because WFMPL consented to venue in courts located in Austin, Travis County, Texas.

5. This Court has jurisdiction over WFMPL because WFMPL has consented to jurisdiction in this Court and because WFMPL's principal place of business is in this District.

## FACTUAL ALLEGATIONS

6. Skotidakis and WFMPL entered into the Private Label Vendor Agreement ("Vendor Agreement") with an effective date of April 1, 2012, a true and correct copy of which is attached as Exhibit A to WFMPL's Cross-Complaint. Under the Vendor Agreement, Skotidakis agreed to supply certain types of yogurt to stores owned or operated by WFMPL's affiliates for sale and/or distribution under their private label brand.

7. Paragraph 9 of the Vendor Agreement pertains to Discontinued Product Reimbursements. This paragraph provides, in pertinent part:

> If WFMPL without cause discontinues or rebrands a Product after WFMPL has approved samples form the Product's first production run, Authorized Purchasers and/or WFMPL, during the regular course of business for the next 190 days, will purchase up to a 190-day supply of finished goods inventory on hand if the finished goods inventory is in compliance with this agreement. (*See* Vendor Agreement, ¶ 9).

8. In September of 2014, Skotidakis was notified that WFMPL and/or its affiliates were permanently discontinuing <u>all</u> yogurt products supplied by Skotidakis to WFMPL or its

2

affiliates under the terms of the Vendor Agreement. Further, WFMPL and/or its affiliates unilaterally terminated the Vendor Agreement.

9. WFMPL's termination of the Vendor Agreement and discontinuance of all yogurt products from Skotidakis was premature, improper, and without cause. Moreover, at the time WFMPL terminated the Vendor Agreement and discontinued all yogurt products, Skotidakis had up to a 190-day supply of finished goods inventory on hand including unused packaging and other materials.

10. On or about November 18, 2014, as a result of WFMPL's premature and improper termination of the Vendor Agreement and discontinuance of the yogurt products, Skotidakis notified WFMPL of its claim for Discontinued Product Reimbursements pursuant to paragraph 9 of the Vendor Agreement and demanded that WFMPL remit certain itemized sums constituting the Discontinued Product Reimbursements. Skotidakis also demanded compensation from WFMPL for other consequential losses associated with WFMPL's termination of the Vendor Agreement. WFMPL, however, ignored Skotidakis' demand and has refused to comply with its obligation to pay the Discontinued Product Reimbursements under the Vendor Agreement.

11. Paragraph 11 of the Vendor Agreement also provides that WFMPL will indemnify and/or release Skotidakis from and against any and all of certain defined losses caused in whole or in part by or arising from WFMPL's breach or alleged breach of any of its obligations as set forth in the Vendor Agreement. (*See* Vendor Agreement, ¶ 11).

12. As set forth herein, WFMPL's termination of the Vendor Agreement and discontinuance of all yogurt products from Skotidakis was premature, improper, and without cause. Hence, Skotidakis is entitled to indemnity and/or a release from all losses caused by or arising from WFMPL's breach of the Vendor Agreement. WFMPL, however, is refusing or has

3

refused to indemnify or release Skotidakis as required under Paragraph 11 of the Vendor Agreement.

## CAUSES OF ACTION

**A.     Breach of Contract**

13.     Skotidakis re-alleges the foregoing allegations and statements in the preceding paragraphs as if fully set forth herein.

14.     Skotidakis and WFMPL entered into the Vendor Agreement with an effective date of April 1, 2012.  The Vendor Agreement is a valid, enforceable contract governing the relationship between Skotidakis and WFMPL.

15.     Under the terms of the Vendor Agreement, WFMPL agreed to pay certain Discontinued Product Reimbursements to Skotidakis in the event that WFMPL, without cause, discontinued or rebranded yogurt products after WFMPL approved samples from the first production run.  WFMPL further agreed to purchase from Skotidakis up to a 190-day supply of finished goods inventory on hand.

16.     Under the terms of the Vendor Agreement, WFMPL also agreed to indemnify and/or release Skotidakis from and against any and all of certain defined losses caused in whole or in part by or arising from WFMPL's breach or alleged breach of any of its obligations as set forth in the Vendor Agreement.

17.     Skotidakis performed, tendered performance, or was excused from performing its obligations under the Vendor Agreement.

18.     WFMPL, however, unilaterally, prematurely, and without cause, terminated the Vendor Agreement and discontinued all yogurt products supplied by Skotidakis under the Vendor Agreement.

19. After receiving a demand by Skotidakis for payment of the Discontinued Product Reimbursements, WFMPL failed to comply with its obligations under the Vendor Agreement to pay the Discontinued Product Reimbursements. WFMPL has also refused to indemnify and/or release Skotidakis from and against other losses caused by or arising from WFMPL's breach of its obligations under the Vendor Agreement.

20. WFMPL's breach of the Vendor Agreement has directly and proximately caused damages to Skotidakis within the jurisdictional limits of this Court.

21. All conditions precedent for Skotidakis' recovery for breach of contract have occurred or have been waived or excused by WFMPL.

## ATTORNEY'S FEES

22. Skotidakis incorporates the foregoing paragraphs by reference.

23. Skotidakis is entitled to recover its reasonable and necessary attorneys' fees by virtue of the Vendor Agreement and under Chapter 38 of the Texas Civil Practice and Remedies Code in this action for breach of contract.

## REQUEST FOR RELIEF

Skotidakis respectfully requests that judgement be entered in its favor and against WFMPL for the following relief:

    A. Actual and compensatory damages;

    B. Reasonable and necessary attorneys' fees;

    C. All costs to suit; and

    D. Any award or such other relief which the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Skotidakis hereby demands trial by jury of all claims that may be tried before a jury.

Respectfully submitted,

By: */s/ Robert A. Hawkins*
S. Cass Weiland
State Bar No. 21081300
Robert A. Hawkins
State Bar No. 00796726
SQUIRE PATTON BOGGS (US) LLP
2000 McKinney Ave, Suite 1700
Dallas, Texas 75201
Ph:     (214) 578-1500
Fax:    (214) 578-1550
cass.weiland@squirepb.com
robert.hawkins@squirepb.com

ATTORNEYS FOR DEFENDANT
1048547 ONTARIO, INC. d/b/a
SKOTIDAKIS GOAT FARM

## CERTIFICATE OF SERVICE

This is to certify that the foregoing has been served via electronic mail, by and through the ECF system, upon filing of same on this 3rd day of May 2017.

*/s/ Robert A. Hawkins*
Robert A. Hawkins